UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARIANNE V. PEIRANO,

  Plaintiff,

v.

MOMENTIVE SPECIALTY
CHEMICALS, INC.,

  Defendant.

Case No. 2:11-CV-00281
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

  Plaintiff, Marianne V. Peirano, brings the instant action against Defendant, Momentive Specialty Chemicals, Inc., alleging claims for disability discrimination, failure to accommodate, and retaliation pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and Ohio's anti-discrimination statute, Ohio Revised Code, § 4112.01 *et seq.* This matter came before the Court on November 1, 2012 for a Final Pretrial Conference. During the Conference, the Court considered, discussed with the parties, and ruled on the parties various Motions *in Limine.* (ECF Nos. 43–47, 56.) For the reasons set forth on the record during the Final Pretrial Conference and set forth below, the Court finds as follows:

**1. Defendants' Motion *in Limine* to Exclude Testimony from Heather Neidhart**

  Defendant moves to exclude testimony from Heather Neidhart, a co-worker of Plaintiff, regarding Plaintiff's access card records. Within an earlier Declaration submitted to the Court, Ms. Neihart stated that she received access card information demonstrating that Plaintiff was on time to work on numerous days when her supervisor marked her as late. Neither party is currently in possession of any access card records. Defendant contends that such evidence is

inadmissible hearsay pursuant to Federal Rules of Evidence 802.[1]

Based on the information presented at the Final Pretrial Conference, Ms. Neidhart received the access card information second hand, through an employee of a third-party property management company. Moreover, the record reflects that Plaintiff wishes to submit this information for the truth of the matter asserted, to prove the times Plaintiff entered work on particular days. Based on this information, the Court finds that Ms. Neidhart's testimony as to Plaintiff's access card records is inadmissible hearsay. Accordingly, Defendants Motion *in Limine* is **GRANTED**. (ECF No. 43.)

2.    **Defendant's Motion *in Limine* to Exclude Evidence of Financial Resources**

Defendant also moves the Court to exclude evidence regarding Momentive's financial resources. As explained at the Final Pretrial Conference, the Court will bifurcate proceedings on punitive damages. The Court will not permit evidence concerning Defendant's financial resources during the case-in-chief. Consequently, Defendant's Motion *in Limine* is **GRANTED**. (ECF No. 44.) The Court will revisit this issue if necessary, following the case-in-chief, further proceedings regarding punitive damages are appropriate.

3.    **Defendant's Motion *in Limine* to Exclude State of Mind Testimony**

Defendant seeks to exclude testimony from Plaintiff's witnesses regarding the state of mind of supervisor Christine Marinello. Plaintiff maintains that lay opinion evidence, based on witnesses' perceptions, is admissible. The Federal Rules of Evidence limit lay opinion evidence to opinions that are "rationally based on the witness's perception" and "helpful to clearly

---

[1] Under the Federal Rules of Evidence, hearsay is a statement made outside of trial that a party offers for the truth of the matter asserted. Fed. R. Evid. 801(c).

2

understanding the witness's testimony or to determining a fact in issue . . . ." Fed. R Evid. 701.

The Court does not presently have the proper factual framework to make precise determinations regarding this issue. The Court reserves judgment and will handle objections on a case-by-case basis during trial. Accordingly, Defendant's Motion *in Limine* is **DENIED** without prejudice. (ECF No. 45.) As a general matter, the Court will allow witnesses to testify as to their own observations. The Court will, of course, not allow unfounded speculation as to Ms. Marinello's state of mind. Moreover, Plaintiff should not anticipate that her witnesses will be permitted to testify as to the ultimate motive for Ms. Marinello's actions. Whether Ms. Marinello acted towards Plaintiff with a discriminatory animus is a central issue in this trial. The Court recognizes that an opinion is not impermissible merely because it goes to an ultimate issue. Fed. R. Evid. 704. Nevertheless, even assuming such opinions are rationally based on the witnesses perception, at least based on the current record, the Court doubts that such opinions will not be helpful to the jury.

**4.     Plaintiff's Motion *in Limine* to Exclude Honest Belief Evidence**

Within its Motion *in Limine*, Plaintiff requests in part that the Court preclude Defendant from submitting an honest belief defense. Plaintiff specifically maintains that the honest belief defense is inconsistent with its cat's paw theory of liability. Under the honest belief rule, "[w]hen an employer reasonably and honestly relies on particularized facts in making an employment decision, it is entitled to summary judgment on pretext even if its conclusion is later shown to be mistaken, foolish, trivial, or baseless." *Tingle v. Arbors at Hilliard*, 692 F.3d 523, 531 (6th Cir. 2012)(internal quotations omitted). The cat's paw theory of liability provides "that if a supervisor performs an act motivated by [discriminatory or retaliatory] animus that is

3

*intended* by the supervisor to cause an adverse employment action, and if that act is a proximate cause of the ultimate employment action, then the employer is liable . . . ." *Staub v. Proctor Hosp.*, 131 S.Ct. 1186, 1194 (2011).

The Court finds, and explained at the Final Pretrial Conference, that depending on the jury's interpretation of the facts, both doctrines are potentially applicable. The Court, therefore, will not preclude Defendant from submitting evidence as to its honest belief. Accordingly, Plaintiff's Motion *in Limine* is **DENIED** to the extent she seeks to exclude an honest belief defense. (ECF No. 46.) The Court will explain both theories, and their interrelationship, within its jury instructions.

### 5. Defendant's Motion *in Limine* to Exclude Evidence of Ms. Marinello's Separation

Defendant also moves the Court to exclude Plaintiff from submitting evidence regarding Ms. Marinello's separation from Defendant. Defendant specifically seeks to prohibit Plaintiff from insinuating that Ms. Marinello was terminated because of her treatment of Plaintiff. Plaintiff has no direct evidence establishing that Ms. Marinello's termination had anything to do with Plaintiff.

The Court finds that Ms. Marinello's termination has limited probative value. Moreover, delving into the finer details of Ms. Marinello's separation could create an unwarranted distraction. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time . . . ."). Under these circumstances, as outlined at the conference, the Court will permit evidence that Ms. Marinello no longer works for Defendant and now works elsewhere. Additionally, the parties may address

4

the details of Ms. Marinello's severance agreement.[2] Unless evidence at trial otherwise justifies, the Court will not allow the parties to further explore, and draw inferences regarding, Ms. Marinello's separation from Defendant. Accordingly, Defendant's Motion *in Limine* is **GRANTED** in part and **DENIED** in part. (ECF No. 47.)

6.      **Motions *in Limine* Regarding Plaintiff's Reinstatement**

After commencement of the instant action, Defendant submitted an unconditional offer of reemployment, which Plaintiff ultimately accepted. Both parties have filed Motions *in Limine* regarding this issue. Plaintiff maintains that in discovery Defendant asserted privilege with regard to its decision-making process. Consequently, Plaintiff asserts that the Court should not allow Defendant to further explain the reasoning for its decision at trial. Defendant, pursuant to Federal Rule of Evidence 403, seeks to prohibit Plaintiff from submitting evidence regarding her reinstatement.

The Court finds that evidence concerning Plaintiff's reinstatement is relevant to elements at issue.[3] At a minimum, Plaintiff's reemployment is probative as to whether Plaintiff was qualified for her condition in spite of her disability. As detailed at the Final Pretrial Conference, the parties may discuss and submit evidence indicating that Plaintiff has returned to work. Moreover, the parties may submit evidence regarding whether Plaintiff's current position is the same as her past employment and whether Plaintiff's condition has changed. At this time, the Court reserves judgment regarding whether it will ultimately allow the parties to address the circumstances surrounding Defendant's decision to rehire Plaintiff. The parties should refrain

---

[2] At this time, however, the Court will not permit the use of the severance agement.

[3] Furthermore, this relevance is not substantially outweighed by any potential prejudice.

5

from discussing this topic within their opening statements. Accordingly, the Court holds this portion of Plaintiff's Motion *in Limine* in abeyance. (ECF No. 46.) Defendant's Motion *in Limine* concerning this issue is **DENIED**. (ECF No. 56.)

### 7. Conclusion

For the foregoing reasons, and subject to the above conditions, the Court rules as follows:

- Defendant's Motion *in Limine* to Exclude Testimony from Heather Neidhart is **GRANTED**. (ECF No. 43.)

- Defendant's Motion *in Limine* to Exclude Evidence Regarding Defendant's Financial Resources is **GRANTED**. (ECF No. 44.)

- Defendant's Motion *in Limine* to Exclude Testimony as to Christine Marinello's Motives is **DENIED** without prejudice. (ECF No. 45.)

- Plaintiff's Motion *in Limine* is **DENIED** with respect to the "honest belief" defense and held in abeyance with regard to Plaintiff's reinstatement. (ECF No. 46.)

- Defendant's Motion *in Limine* to Exclude Evidence Regarding Christine Marinello's Separation is **GRANTED** in part and **DENIED** in part. (ECF No. 47.)

- Defendant's Motion *in Limine* to Exclude Reference to Plaintiff's Reinstatement is **DENIED**. (ECF No. 56.)

As discussed with the parties at the Final Pretrial Conference, the Court is willing to revisit these rulings during trial to the extent that circumstances justify.

**IT IS SO ORDERED.**

11-5-2012
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**

6